IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PAUL TEANEY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4211-L** |
| | § | |
| **KENNETH & COMPANY HONEY DO SERVICES, LLC D/B/A KENNETH & COMPANY**, | § | |
| | § | |
| | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11), filed December 17, 2013. After considering the motion, briefs, pleadings, and applicable law, the court **grants** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11) but will allow Plaintiff to amend his pleadings. Plaintiff shall file an amended complaint by **July 29, 2014**, to cure the deficiencies herein noted regarding FLSA coverage.

### I.     Background

Plaintiff Paul Teaney ("Plaintiff") brought this action against Defendant Kenneth & Company Honey Do Services, LLC d/b/a Kenneth & Company ("Defendant") on October 17, 2013, alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay Plaintiff overtime wages for weeks that he worked in excess of forty hours. Plaintiff has not amended his pleadings since filing this action. On May 16, 2014, Defendant moved to dismiss Plaintiff's FLSA claim on the ground that Plaintiff's Complaint fails to allege any facts regarding FLSA coverage. Plaintiff maintains in

**Memorandum Opinion and Order - Page 1**

response that he has pleaded sufficient facts regarding FLSA coverage but requests to amend his pleadings in the event the court determines otherwise.

## II. Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

**Memorandum Opinion and Order - Page 2**

*Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether

they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc). Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

### III.     Analysis

Defendant contends that Plaintiff has not pleaded sufficient facts regarding FLSA coverage. Plaintiff counters that his pleadings as to FLSA coverage are sufficient based on his allegations that he: (1) worked as a foreman doing home remodeling and construction work; and (2) handled goods that were produced in and traveled in interstate commerce. Plaintiff further asserts: "For example, he regularly went to supply houses with his employer to pick up special-ordered tile from out of state, loading and unloading them from trucks." Pl.'s Resp. 4. For support that his allegations are sufficient to support FLSA coverage, Plaintiff cites section 11c10 of the Department of Labor Field Operations Handbook ("FOH")[1] for the proposition that "[E]mployees engaged at the construction site in receiving materials which are still moving in interstate commerce would be individually covered" under the FLSA. *Id*. at 4 (quoting FOH § 11c10 (1988)). Plaintiff also cites the following cases, which addressed the handling of goods or materials in interstate commerce: *Polycarpe v. E

---

[1] The FOH is:

an operations manual that provides Wage and Hour Division (WHD) investigators and staff with interpretations of statutory provisions, procedures for conducting investigations, and general administrative guidance. The FOH was developed by the WHD under the general authority to administer laws that the agency is charged with enforcing. The FOH reflects policies established through changes in legislation, regulations, significant court decisions, and the decisions and opinions of the WHD Administrator. It is not used as a device for establishing interpretative policy.

http://www.dol.gov/whd/FOH/.

**Memorandum Opinion and Order - Page 4**

*& S Landscaping Service, Incorporated*, 616 F.3d 1217, 1227-28 (11th Cir. 2010); and *Brennan v. Greene's Propane Gas Service, Incorporated*, 479 F.2d 1027, 1030 (5th Cir.1973) (quoting *Schultz v. Kip's Big Boy, Inc.*, 431 F.2d 530, 533 (5th Cir. 1970)).

Defendant replies that Plaintiff's contention and reliance on the FOH is misplaced because: "(1) no such allegation is in the Complaint; and (2) even if Plaintiff did pick up material that had been ordered by a supply-house from out of state, the FOH advises that Plaintiff is 'not covered where the sole basis for such coverage would be that materials have been shipped from out-of-state." Def.'s Reply 2 (quoting FOH § 11c10 (1994)).  Because Plaintiff's sole claim is under the FLSA, Defendant contends that the case should be dismissed for lack of subject matter jurisdiction if its motion is granted.

"The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") or employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage")." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks and emphasis omitted).  "Commerce" under the FLSA means interstate commerce.  29 U.S.C. § 203(b) (defining "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof").  "Either individual or enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis omitted).  Thus, to state an FLSA claim for overtime wages, a plaintiff must either allege facts that, if proved, would establish individual or enterprise coverage under the FLSA. *Morrow v. J W Electric, Inc.*, No. 3:11-CV-1988-D, 2011 WL 5599051, at *2 (N.D. Tex. Nov. 16, 2011). To satisfy this requirement, a plaintiff must allege that he was either (1) engaged in the production of goods for commerce ("individual coverage") or (2) employed in an enterprise

**Memorandum Opinion and Order - Page 5**

engaged in commerce or in the production of goods for commerce ("enterprise coverage"). *Martin*, 955 F.2d 1029 at 1032.

Plaintiff appears to contend in response to Defendant's Motion to Dismiss that he has alleged facts regarding enterprise coverage. Enterprise coverage requires that the enterprise:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. § 203(s)(1)(A)(i)-(ii). Goods are considered to "have been moved . . . in commerce" when:

> they have moved across State lines before they are handled, sold, or otherwise worked on by the employees. It is immaterial in such a case that the goods may have "come to rest" within the meaning of the term "in commerce" as interpreted in other respects, before they are handled, sold, or otherwise worked on by the employees in the enterprise. Such movement in commerce may take place before they have reached the enterprise, or within the enterprise, such as from a warehouse of the enterprise in one State to a retail store of the same enterprise located in another State. Thus, employees will be considered to be "handling, selling, or otherwise working on goods that have been moved in . . . commerce" where they are engaged in the described activities on "goods" that have moved across State lines at any time in the course of business, such as from the manufacturer to the distributor, or to the "enterprise," or from one establishment to another within the "enterprise."

29 C.F.R. § 779.242.

Plaintiff's two-page Complaint consists of the following allegations:

> 1. Plaintiff brings this action for overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b).
>
> 2. Plaintiff is an individual residing in Texas and worked for Defendant from April 2009 to October 2013 as a foreman doing home remodeling and construction work.
>
> 3. Defendant is a corporation formed and existing under the laws of the State of Texas is authorized to conduct business in the State of Texas and at all times

>material to this complaint, maintained and operated a business in Rockwall, Texas Texas.
>
>4. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1337 and by Title 29 U.S.C. §216(b). At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce. Additionally, Plaintiff was individually engaged in commerce and the handling of goods that have been produced and moved in such commerce, doing work essential to Defendant's business. Venue is proper in this district under 28 U.S.C. § 1391.
>
>5. During one or more weeks of Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours (overtime hours).
>
>6. During one or more weeks of Plaintiff's employment with Defendant wherein Plaintiff worked overtime hours, Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for each overtime hour worked.
>
>7. The acts described in the preceding paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek. Defendant willfully denied Plaintiff's right to overtime compensation under the FLSA.
>
>8. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.
>
>9. Plaintiff further seeks liquidated damages as a result of Defendant's willful failure and refusal to pay overtime in violation of Section 7 of the FLSA, 29 U.S.C. § 207.
>
>10. Plaintiff also seeks compensation of the out of pocket expenses and costs of court he will incur in this action. Plaintiff is also entitled to reasonable and necessary attorneys fees pursuant to 29 U.S.C. § 216(b).

Pl.'s Compl. 1-2.[2]

Plaintiff does not allege any facts whatsoever to support individual coverage. He merely states in conclusory fashion that he "was individually engaged in commerce." *Id.* at ¶ 4. Likewise,

---

[2] Except for a few minor changes in paragraphs two through four, Plaintiff's formulaic allegations in this case are virtually identical to those in numerous other cases filed by his counsel.

**Memorandum Opinion and Order - Page 7**

Plaintiff asserts in conclusory fashion that "Defendant was an enterprise engaged in interstate commerce." *Id.* Further, while he alleges that he "handl[ed] . . . goods that have been produced and moved in such commerce, doing work essential to Defendant's business," such allegations are factually devoid and merely track the language in 29 U.S.C. § 203(s)(1)(A). Such averments amount to nothing more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action" and are insufficient to state a claim upon which relief can be granted. *See Twombly*, 550 U.S. at 555 (citation omitted). Finally, while Plaintiff asserts in response to Defendant's Motion to Dismiss that "he regularly went to supply houses with his employer to pick up special-ordered tile from out of state, loading and unloading them from trucks," Pl.'s Resp. 4, his Complaint contains no such allegations. The court therefore cannot consider Plaintiff's assertion in this regard in ruling on Defendant's Motion to Dismiss. Plaintiff has therefore failed to plead sufficient facts to enable the court to conclude that he has pleaded "a claim to relief that is plausible on its face." *Id.* at 570. Because Plaintiff has failed to allege facts that, if proved, establish coverage under the FLSA, he has failed to state a claim upon which relief can be granted, and Defendant is entitled to dismissal of Plaintiff's only claim under the FLSA. For the reasons that follow, however, the court will allow Plaintiff to amend his pleadings to cure this deficiency.

## IV.   Amendment of Pleadings

Plaintiff requested to amend his pleadings if they were determined to be insufficient. As previously noted, Defendant contends that the FOH precludes Plaintiff's theory of FLSA coverage, because it indicates that a plaintiff is not "covered where the sole basis for such coverage would be that materials have been shipped from out-of-state." Def.'s Reply 2 (citing FOH § 11c10 (1994)). Defendant's quotation from the FOH is correct; however, as noted above, the FOH itself states that

"It is not used as a device for establishing interpretative policy." Based on the forgoing language, it does not appear that the FOH is entitled to the same weight as that accorded to opinion letters by the Department of Labor, which are entitled to substantial weight.

Regardless, Plaintiff's theory of coverage appears to be based on handling or moving goods of goods or materials that were moved in interstate commerce, not goods that were merely shipped from out of state, and section 779.242 makes clear that "It is immaterial in such a case that the goods may have 'come to rest' within the meaning of the term 'in commerce' as interpreted in other respects, before they are handled, sold, or otherwise worked on by the employees in the enterprise." 29 C.F.R. § 779.242. Accordingly, the court cannot say at this juncture that Plaintiff cannot allege any facts to support FLSA coverage. Further, given that the trial of this case is several months away, the court concludes that Defendant will not suffer any legal prejudice if Plaintiff is permitted to file a first amended complaint. The court will therefore allow Plaintiff to amend his pleadings to correct the deficiencies regarding FLSA coverage. *Plaintiff, however, is warned, that if another form pleading is filed in this case, the court will impose appropriate sanctions against him, his counsel, or both.*

**Plaintiff's counsel was recently put on notice and admonished regarding the filing of form pleadings in *Davis v. Pest Management of Texas, Inc.*, Case No. 3:13-CV-962-L (Doc. 22 at 5-6). The court even mentioned this case by name as one of several cases filed by Plaintiff's counsel in which nonspecific form pleadings were used and strongly urged Plaintiff's counsel to amend the pleadings filed in this and other cases pending before this court. The same admonishment applies with equal force in this case to any amended pleadings filed by Plaintiff's counsel moving forward. Form pleadings waste valuable judicial resources and**

**Memorandum Opinion and Order - Page 9**

**unnecessarily delay the resolution of litigation. Accordingly, Plaintiff's counsel is ordered not to use form pleadings and is directed to tailor the facts to the particular case in which he provides representation. Further, the court directs Plaintiff's counsel to review all court cases filed in the undersigned's court and to amend pleadings in any case where the pleadings are form pleadings. If the deadline for amending pleadings as a matter of right has passed, Plaintiff's counsel shall file an appropriate motion to amend. The court considers form pleadings to be a violation of Rule 11 of the Federal Rules of Civil Procedure.**

V.      Conclusion

For these reasons explained, the court **grants** Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 11) but will allow Plaintiff to amend his pleadings. Plaintiff shall file an amended complaint by **July 29, 2014**, to cure the deficiencies noted regarding FLSA coverage. *Failure to comply with this order will result in dismissal without prejudice of this action pursuant to Federal Rule of Civil Procedure 41(b) or dismissal with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.*

**It is so ordered** this 15th day of July, 2014.

*[Signature: Sam A. Lindsay]*

Sam A. Lindsay
United States District Judge