IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAUL TEANEY,

    Plaintiff

v.   Civil Action No. 3:13-cv-04211-L

KENNETH & COMPANY
HONEY DO SERVICES, LLC,
d/b/a KENNETH & COMPANY,

    Defendant

---

**BRIEF IN SUPPORT
OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

---

Plaintiff PAUL TEANEY through counsel moves for an extension of the Court's deadline for mediation, as follows:

**Relevant Background**

1.    Plaintiff, PAUL TEANEY, a construction worker, brings this case to recover overtime pay and associated relief from his former employer, the Defendant, KENNETH & COMPANY HONEY DO SERVICES, LLC, d/b/a KENNETH & COMPANY, under the Fair Labor Standards Act, 29 U.S.C. §§207(a), 216(b) ("FLSA").

2.    On August 4, 2014, Plaintiff served requests for admissions ("RFAs") to Defendant by hand delivery. *See* Exhibit A (requests for admission); Exhibit B at 1 (email confirmation from process server).

3. Responses to these requests for admissions were due by September 4, 2014. *See* Fed. R. Civ. P. 36(a)(3).

4. To date, no response has been received. *See* Exhibit B at 2–3 (affidavits of Plaintiff's attorney Vijay Pattisapu and paralegal Erica Tovar).

## Standard of Review

**A. Summary Judgment**

5. Summary judgment is appropriate where the facts and law as represented in the pleadings, affidavits and other summary judgment evidence show that no reasonable trier of fact could possibly find for the nonmoving party as to any material fact. Fed. R. Civ. P. 56; *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Innovative Database Sys. v. Morales*, 990 F.2d 217 (5th Cir. 1993).

6. "The moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Properties, Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998) (*citing Celotex*, 477 U.S. at 322–25). If the movant does not meet this initial burden, the motion must be denied regardless of the nonmovant's response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

7. If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that a genuine issue of material fact exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Edwards v. Your*

*Credit, Inc.*, 148 F.3d 427, 431 (5th Cir. 1998). In determining whether genuine issues of fact exist, "[f]actual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625; *see also Eastman Kodak v. Image Technical Services*, 504 U.S. 451 (1992). In the absence of proof, however, the Court will not assume that the nonmoving party could or would prove the necessary facts. *Lynch*, 140 F.3d at 625.

**B. Deemed Admissions**

8. Federal Rule of Civil Procedure 36 allows a party to request from any other party admissions to a broad range of issues of fact, including the application of law to fact. Fed. R. Civ. P. 36(a) (1); *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). A party served with a request for admission has 30 days to answer or object to the request. Fed. R. Civ. P. 36(a)(3).

9. If a party does not respond, the matter is deemed admitted and is "conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b).

10. Admissions on file with the Court may support a motion for summary judgment. Fed. R. Civ. P. 56(c)(1)(A); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548–49 (5th Cir. 1985). If the request for admission involves an essential issue in the case, the failure to respond to the request may result in a grant of summary judgment against the non-responding party. *See Carney*, 258 F.3d at 420 n.6 (collecting cases granting summary judgment on basis of deemed admissions).

**Applicable Law**

11. The Fair Labor Standards Act, 29 U.S.C. §§201–216, provides that employers must pay time and a half when covered employees work over 40 hours a week. 29 U.S.C. §207(a)(1); *Cleveland v. City of Elmendorf*, 388 F.3d 522, 526 (5th Cir. 2004).

12. "The basic elements of a FLSA claim are that (1) plaintiffs must be employed by the defendants; (2) the work involved interstate activity; and, most importantly for present purposes, (3) plaintiffs performed work for which they were under-compensated." *Glover v. Quality Air Technologies, Ltd.*, Case No. 3:13-cv-04725-D, ECF No. 13 at 3 (N.D. Tex. June 25, 2014)(Fitzwater, C.J.)(mem. op.)(*quoting Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 43 (1st Cir. 2013))(citations and internal quotation marks omitted).

**Argument**

13. Defendant admits that it is covered under the FLSA. *See* Exhibit A at 5, at RFAs 3, 16 (that the business had over $500,000 in gross business volume annually and had one or more employees engaged in interstate commerce each year Plaintiff worked for Defendant); 29 U.S.C. §203(s)(1)(A) (requirements for enterprise coverage under the FLSA).

14. Defendant admits that it employed Plaintiff, and that Plaintiff worked more than 40 hours per week in one or more weeks of his employment with Defendant. *See id.* at 5, RFA 1 ("Plaintiff worked more than 40 hours in one or more workweeks while employed by the Defendant.").

15.     Defendant admits that it did not pay Plaintiff time and a half for the overtime work he did for Defendant.[1] *See id*. at RFA 2 ("Plaintiff was not paid one and one-half times Plaintiff's regular rate of pay for one or more weeks in which Plaintiff worked more than 40 hours for the Defendant.").

16.     Thus each of the elements of the cause of action under the FLSA have been "conclusively established." *See* Fed. R. Civ. P. 36(b); *Glover*, ECF No. 13 at 3. There can be no dispute as to liability.

17.     The only issue remaining for trial in this case is damages.

**Conclusion and Prayer**

Defendant has admitted that it is a covered under the FLSA, that it employed Plaintiff, and that during that employment Plaintiff worked overtime for which he was underpaid. Since Defendant has admitted to each of the elements of the cause of action in this case, liability is no longer a triable issue. Plaintiff prays that the Court accordingly enter summary judgment on the issue of Defendant's liability under the FLSA, and narrow the trial to simply determine Plaintiff's damages.

Respectfully submitted,

ROSS LAW GROUP

---

[1] Defendant even admits that the violation was willful — even though that is not an element of the cause of action and thus unnecessary for a motion for summary judgment — lack of willfulness being an affirmative defense (*see* 29 U.S.C. §§ 255, 260 (lack of willfulness can be an affirmative defense to an extended statute of limitations and/or liquidated (double) damages)). *See* RFAs 4, 5, 6, 7, 8 (Defendant did not have reasonable grounds to believe Plaintiff was not owed time and a half for overtime, did not rely on guidance from the Department of Labor in determining how it paid Plaintiff, was aware of the requirements of the FLSA, knew Plaintiff was working overtime without getting paid overtime, and should have known the same).

By:
*s/ Vijay Pattisapu*
Vijay Pattisapu
Texas Bar No. 24083633
5956 Sherry Lane
Suite 1000, PMB 106
Dallas, TX 75225
(214) 716-4597 Telephone
(855) 867-4455 Facsimile
vijay@rosslawgroup.com

Counsel for Plaintiff

### Certificate of Service

I certify that on September 19, 2014 I caused a copy of the foregoing document and attached exhibits and proposed order to be sent by U.S. mail to the following:

Kenneth & Company Honey Do Services, LLC
1507 Westfield Lane
Rockwall, Texas 75032

Defendant

*s/ Vijay Pattisapu*
Vijay Pattisapu