IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

PAUL TEANEY,

     Plaintiff

v.                                     Civil Action No. 3:13-cv-04211-L

KENNETH & COMPANY
HONEY DO SERVICES, LLC,
d/b/a KENNETH & COMPANY,

     Defendant

_____/

## PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION TO DEFENDANT

TO:    Defendant, c/o Richard Archibald, Horton & Archibald, P.C., 1020 W. Ralph Hall Parkway, Ste. 105, Rockwall, Texas, 75032

Plaintiff PAUL TEANEY serves these requests for production upon you and requests that your answers be returned within 30 days. Plaintiff also requests that you supplement your answers promptly in accordance with Fed. R. Civ. P. 26(e)(1)(A).

## DEFINITIONS AND INSTRUCTIONS

1. "You" or "your" means the party to whom these interrogatories are propounded and includes, where applicable, its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates. This definition is not intended to impose discovery obligation on any person who is not a party to this litigation.

2. "Occurrence" refers to the incident involving Plaintiff on the occasion and at the time described in Plaintiff's Complaint.

3. "Identify" or "identity" when referring:

(a) to a person means to give, to the extent known, the person's full name, present or last known address, email address, telephone number, and when referring to a natural person, additionally the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(b) to documents means to give, to the extent known, the type of document, the general subject matter, the date of the document, and the author(s), addressee(s), and recipient(s).

(c) to any other matter means to give a reasonable, detailed description thereof, including, if applicable for a tangible matter: when, where, and how it was made, and to identify who made it and who has present or last known possession, custody or control thereof.

(d) if referring to other lawsuits or other actions of any type in any court, means separately for each such action the identity of all parties, the court and cause number, the date on which the action was initiated, the identity of the involved attorney(s), the outcome of the cause including the description of any judgment or other relief granted in each such action, and, if a civil action, the nature of the cause of action.

4. "Document" or "Documents" is defined to be synonymous in meaning and equal in scope to the usage of this term in  Fed. R. Civ. P. 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

5. The terms "Plaintiff" and "Defendant" as well as a party's full or abbreviated name or pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parents, subsidiaries or affiliates. This definition is not intended to impose discovery obligation on any person who is not a party to this litigation.

Teaney v. Kenneth & Co. - Plaintiff's Motion for Partial Summmary Judgment - Exhibit A - Page 2

6. The term "person" is defined as any natural person or business, legal or governmental entity or association.

7. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise.

8. The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

Respectfully submitted,

Ross Law Group, P.C.

By:

*s/ Vijay Pattisapu*
Vijay Pattisapu
Texas Bar No. 24083633
5956 Sherry Lane
Suite 1000, PMB 106
Dallas, TX 75225
(214) 716-4597 Telephone
(855) 867-4455 Facsimile
vijay@rosslawgroup.com

Counsel for Plaintiff

Page **18** of 18

## **CERTIFICATE OF SERVICE**

By my signature hereunder affixed, I certify that a true and correct copy of the foregoing

document has been delivered to the following on August 4, 2014, addressed as follows:

*Via Hand Delivery and Email*
Richard Archibald
Horton & Archibald, P.C.
1020 W. Ralph Hall Parkway, Ste. 105
Rockwall, Texas 75032

Counsel for Defendant

*s/ Vijay Pattisapu*
Vijay Pattisapu

Teaney v. Kenneth & Co. - Plaintiff's Motion for Partial Summmary Judgment - Exhibit A - Page 4

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**
Plaintiff worked more than 40 hours in one or more workweeks while employed by the Defendant.

**REQUEST FOR ADMISSION NO. 2:**
Plaintiff was not paid one and one-half times Plaintiff's regular rate of pay for one or more weeks in which Plaintiff worked more than 40 hours for the Defendant.

**REQUEST FOR ADMISSION NO. 3:**
During each calendar year in which Plaintiff worked for Defendant, the annual gross volume of sales made or business done by Defendant was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated.

**REQUEST FOR ADMISSION NO. 4:**
The Defendant did not have reasonable grounds for believing that Plaintiff was not entitled to overtime compensation for any week in which Plaintiff worked more than 40 hours.

**REQUEST FOR ADMISSION NO. 5:**
The Defendant's decision to not pay overtime to the Plaintiff was not made in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of the Department of Labor.

**REQUEST FOR ADMISSION NO. 6:**
During Plaintiff's employment with Defendant, Defendant was aware of the requirements under the FLSA to pay one and one-half times a non-exempt employee's regular rate of pay for each hour Plaintiff worked in excess of 40 in a work week.

**REQUEST FOR ADMISSION NO. 7:**
Defendant knew that Plaintiff worked more than 40 hours in one or more weeks in which Plaintiff worked for the Defendant.

**REQUEST FOR ADMISSION NO. 8:**
Defendant should have known that Plaintiff worked more than 40 hours in one or more weeks that Plaintiff worked for the Defendant.

**REQUEST FOR ADMISSION NO. 9:**

Defendant did not maintain records of the hours Plaintiff worked in accordance 29 CFR §516.2.

**REQUEST FOR ADMISSION NO. 10:**

The payroll records maintained by Defendant accurately recorded the wages paid to Plaintiff.

**REQUEST FOR ADMISSION NO. 11:**

The payroll records maintained by Defendant accurately recorded the hours worked by Plaintiff.

**REQUEST FOR ADMISSION NO. 12:**

During Plaintiff's employment with Defendant, Plaintiff was paid on an hourly basis.

**REQUEST FOR ADMISSION NO. 13:**

Defendant paid Plaintiff at a rate of $12.00/hour.

**REQUEST FOR ADMISSION NO. 14:**

On one or more occasions, Defendant instructed Plaintiff to not record all the hours Plaintiff worked.

**REQUEST FOR ADMISSION NO. 15:**

The Defendant never classified Plaintiff as an employee exempt from overtime during Plaintiff's employment with Defendant.

**REQUEST FOR ADMISSION NO. 16:**

During each calendar year in which Plaintiff worked for Defendant, one or more of Defendant's employees were engaged in interstate commerce.

**REQUEST FOR ADMISSION NO. 17:**

During each calendar year in which Plaintiff worked for Defendant, one or more of Defendant's employees handled goods or materials that have been moved in interstate commerce by any person.

**REQUEST FOR ADMISSION NO. 18:**

During each calendar year in which Plaintiff worked for Defendant, one or more of Defendant's employees has sold goods or materials that have been moved in interstate commerce by any person.

**REQUEST FOR ADMISSION NO. 19:**

During Plaintiff's employment with Defendant, Defendant purchased goods or services from suppliers located outside the State of Texas.

**REQUEST FOR ADMISSION NO. 20:**

During Plaintiff's employment with Defendant, Defendant sold services to customers outside the State of Texas.

**REQUEST FOR ADMISSION NO. 21:**

During Plaintiff's employment with Defendant, Defendant used tools, equipment or supplies originally manufactured outside the State of Texas.

**REQUEST FOR ADMISSION NO. 22:**

For at least one week for which Plaintiff worked for Defendant, Defendant did not pay one and one-half of Plaintiff's regular rate of pay for travel time despite the fact that such travel time occurred after the Plaintiff had already worked 40 hours for that week.

**REQUEST FOR ADMISSION NO. 23:**

Defendant did not pay their workers for the time traveling from work site to work site.

**REQUEST FOR ADMISSION NO. 24:**

During Plaintiff's employment with Defendant, employees, including the Plaintiff, were required to physically report to a property owned, managed or leased by Defendant each work day prior to traveling to the work site assigned to them for that day.

**REQUEST FOR ADMISSION NO. 25:**

During Plaintiff's employment with Defendant, Defendant required its workers to travel from the last job site each day to a property owned, managed, or leased by Defendant.

**REQUEST FOR ADMISSION NO. 26:**

During Plaintiff's employment with Defendant, Defendant purchased tile, flooring materials, and the like from a business named Floor 'N More.

**REQUEST FOR ADMISSION NO. 27:**

Many of the goods Defendant purchased from Floor 'N More were manufactured outside the State of Texas.

**REQUEST FOR ADMISSION NO. 28:**

Many of the goods Defendant purchased from Floor 'N More were imported from outside the United States.