IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL TEANEY, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action No. 3:13-cv-04211-L |
| | § | |
| KENNETH & COMPANY | § | |
| HONEY DO SERVICES, LLC, | § | |
| d/b/a KENNETH & COMPANY, | § | |
| | § | |
| Defendant | § | |

**PLAINTIFF'S BRIEF IN SUPPORT
OF MOTION TO STRIKE DEFENDANTS' ANSWER
AND FOR LEAVE TO MOVE FOR DEFAULT JUDGMENT**

Plaintiff PAUL TEANEY through the undersigned, files this brief in support of his motion to strike Defendant's answers and for leave to move for default judgment, as follows:

**Procedural Background**

1. Plaintiff was a foreman employed by Defendant, a construction and home remodeling company. Plaintiff filed an original complaint and jury demand for overtime pay and associated relief under the Fair Labor Standards Act, 29 U.S.C. §§207(a), 216(b) on October 17, 2013. *See* Doc. 1.

2. Defendant moved to dismiss the complaint for failure to state a claim. *See* Doc. 11–13; 15. After a round of briefing the Court granted the motion. *See* Doc. 17. The Parties filed an amended complaint and answer. *See* Docs. 19; 20.

3. Defense counsel withdrew from representing Defendant on August 27, 2014.

4. The Court ordered Defendant, a corporation, which cannot proceed *pro se,* to retain counsel by September 26, 2014. *See* Doc. 22. Defendant has not done this.

5. The Court ordered the parties to attend mediation by September 12, 2014. *See* Doc. 10. Starting July 10, 2014 Plaintiff's counsel tried repeatedly to schedule mediation while Defendant was represented by counsel, but was unsuccessful. After defense counsel withdrew on August 27, 2014, Plaintiff's counsel continued to try and set up mediation, but did not receive any response from phone calls and mail to Defendant.

6. Plaintiff propounded written discovery requests on Defendant on August 4, 2014. None of it was answered.

7. Plaintiff moved to compel responses to his interrogatories and requests for production on September 12, 2014. *See* Doc. 25. The Court referred this motion to Magistrate Judge Horan on September 15, 2014. *See* Doc. 26. This motion is still pending.

8. Plaintiff moved for an extension of the mediation deadline, which the Court denied without prejudice to allow Defendant time tor retain counsel as previously ordered. *See* Doc. 24.

9. On September 19, 2014, Plaintiff filed a motion for partial summary judgment based on Defendant's unanswered requests for admission, deemed admitted. *See* Doc. 27. This motion is still pending.

10. This case is set for a pretrial conference on January 30, 2015 and a 2-week trial docket beginning February 2, 2015.

## Standard of Review

**A. Rule 16**

12. Rule 16(f) sets out the sanctions available to a court for a party's failure to comply with scheduling and other pretrial orders:

> (1) In General. On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
>     (A) fails to appear at a scheduling or other pretrial conference;
>     (B) is substantially unprepared to participate-or does not participate in good faith-in the conference; or
>     (C) fails to obey a scheduling or other pretrial order.
> (2) Imposing Fees and Costs. Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses-including attorney's fees-incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

**B. Rule 37**

13. Additionally, failure to respond to a party's request for documents may result in sanctions, Fed. R. Civ. P. 37(d)(1)(A)(ii), the imposition of which is in the district court's discretion. *Shipes v. Trinity Indus.*, 989 F.2d 311, 323 (5th Cir. 1993)(citation omitted).[1]

**C. Sanctions**

14. Both Rule 16 (failure to comply with court orders) and Rule 37 (failure to respond to discovery requests) direct the court to sanctions available under Rule 37(b), which include prohibiting claims or defenses, striking pleadings, staying proceedings,

---

[1] The movant need not move to compel beforehand. *See, e.g., Sierra Club Lone Star Chap. v. Cedar Point Oil*, 73 F.3d 546, 572 (5th Cir. 1996)(noting that the obligation the respondent defaulted on is "already present").

dismissing the action, entering default judgment, and treating the failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(ii)–(vii). Courts have broad discretion under Rule 37(b) to fashion appropriate sanctions for failure to obey a discovery order. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012).

### Argument

15. Since firing its lawyer Defendant dug its head in the sand, responding to no phone call or letter from Plaintiff's counsel, nor complying with any order from this Court. The company has not retained counsel, has not responded to any written discovery request (even after Plaintiff filed a motion to compel), has not permitted Plaintiff to depose its representative, and has not responded to Plaintiff's attempts to schedule mediation.

16. This repeated and continuous conduct evidences a willful violation of the Court's orders, warranting the entry of default judgment as a sanction. *See $49,000*, 330 F.3d at 376.

17. Defendants' conduct at least warrants the striking of their original and amended answers. *See* Fed. R. Civ. P. 37(b)(1)(A)(iii) (failure to respond to discovery request); 37(d)(1)(A)(iii) (striking pleadings).

18. The answers are also deficient in their own right under Rule 11(a), under which "[e]very pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (quoting *In re K.M.A., Inc.*, 652 F.2d 398, 399 (5th Cir. Unit

B 1981) ("a corporation as a fictional legal person can only be represented by licensed legal counsel")). The Court "must strike" unsigned papers – essentially what Defendant's original and amended answers are now. *See* Fed. R. Civ. P. 11(a).

## Conclusion

The Court has ample authority and discretion to strike Defendants' answers under Rules 11, 16, and 37 of the Federal Rules of Civil Procedure. If this matter were allowed to proceed to trial it would waste considerable time for the Court and potential jurors. Defendant has not indicated any willingness to put on a defense since firing its lawyer five months ago.

## Prayer

Plaintiff thus prays that the Court strike Defendant's original and amended answers. *See* Docs. 5, 20. Should the Court grant this relief, Plaintiff agrees to withdraw his motion for summary judgment pending with this Court and the motion to compel discovery responses pending before Magistrate Judge Horan. Plaintiff additionally prays for leave to move for default judgment in the ordinary course under Rule 55.

## Certificate of Conference

I certify that I and my staff have tried to get in touch with any representative of Defendant numerous times by phone and mail, regarding the contents of this motion as well as the discovery and court-ordered joint pretrial materials referenced herein. We never got any response. I tried finding alternate contact information for the business

online but could not. I asked former defense counsel Richard Archibald and his staff if they knew of any alternate contact information for the business. They replied that they did not know of any information beyond what they gave to the Court and the undersigned.

s/ Vijay Pattisapu<br>Vijay Pattisapu

### Certificate of Service

I certify that on January 27, 2015 I caused copies of this motion, brief, exhibit, and proposed order to be sent to the Defendant as follows:

*Via Certified Mail, Return Receipt Requested*
Kenneth & Company Honey Do Services, LLC
1507 Westfield Lane
Rockwall, TX 75032

s/ Vijay Pattisapu<br>Vijay Pattisapu