IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL TEANEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-4211-L** |
| | § | |
| KENNETH & COMPANY HONEY DO SERVICES, LLC d/b/a Kenneth and Company, | § § § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Plaintiff's Motion for Partial Summary Judgment, filed September 19, 2014; and Plaintiff's Motion to Strike Defendant's Answer and for Leave to Move for Default Judgment, filed January 27, 2015. No response was filed by Defendant Kenneth & Company Honey Do Services, LLC ("Defendant" or "Honey Do") to the first-filed motion. After careful consideration of the motions and brief, record, and applicable law, the court **grants** Plaintiff's Motion for Partial Summary Judgment; and **denies as moot** Plaintiff's Motion to Strike Defendant's Answer and for Leave to Move for Default Judgment.

**I.   Background**

Paul Teaney ("Plaintiff" or "Teaney") filed this action on October 17, 2013, against Defendant for violations of the Fair Labor Standards Act (the "Act"), as amended, 29 U.S.C. § 216(b). He contends that Honey Do, in violation of the Act, failed to pay him overtime compensation while he was employed by it from April 2009 to October 2013 as a foreman doing home remodeling and construction work. Teaney filed his First Amended Complaint ("Amended Complaint") on July 29, 2014, in which asserts the same claim. The Amended Complaint, which

**Memorandum Opinion and Order – Page 1**

was ordered by the court, is more fact specific. Plaintiff seeks damages for overtime worked for which he was not paid, liquidated damages and attorney's fees, as well as costs and prejudgment and postjudgment interest.

## II. Standard for Summary Judgment When No Response is Filed

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine dispute of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986). On the other hand, "if the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780

F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). "[When] the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Id.* (citation omitted). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994).

The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

Defendant filed no response to the summary judgment motion. This failure, of course, does not permit the court to enter a "default" summary judgment. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). A court, however, is permitted to accept the movant's facts as undisputed when no response or opposition is filed. *Id.* Normally, "[a] summary judgment nonmovant who does not respond to the motion is relegated to [its] unsworn pleadings, which do

**Memorandum Opinion and Order – Page 3**

not constitute summary judgment evidence." *Bookman v. Schubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Defendant's pleadings are not verified and, therefore, it has presented no summary judgment evidence, and the court accepts Plaintiff's facts as undisputed.

## III. Requests for Admissions

The summary judgment evidence relied on by Teaney comes from Plaintiff's First Set of Requests for Admissions to Defendant ("Requests"). These Requests were served (hand-delivered) on Defendant on August 4, 2014. Under applicable law, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). The parties may stipulate to, or the court may order, a shorter or longer time to answer or object to the request. *Id.* Defendant did not serve answers or objections to the Requests, and nothing in the record establishes that the parties stipulated to, or that the court ordered, a time longer than 30 days to answer or object to the Requests. Accordingly, the matters in Plaintiff's First Set of Requests for Admissions to Defendant are deemed admitted as a matter of law.

The effect of a matter admitted is that it "is conclusively established unless the court, on motion, permits the admission to be withdrawn." Fed. R. Civ. P. 36(b). As no motion has been filed by Honey Do, the matters set forth in Plaintiff's First Set of Requests for Admissions to Defendant are conclusively established. Admissions constitute competent and undisputed summary judgment evidence. *See* Fed. R. Civ. P. 56(c)(1)(A).

**Memorandum Opinion and Order – Page 4**

**IV.     Undisputed Facts**

The following material facts are undisputed:

Plaintiff worked more than 40 hours in one or more workweeks while employed by the Defendant.  Plaintiff was not paid one and one-half times his regular rate of pay for one or more weeks in which he worked more than 40 hours for the Defendant.  During each calendar year in which Plaintiff worked for Defendant, the annual gross volume of sales made or business done by Defendant was more than $500,000, exclusive of excise taxes at the retail level that are separately stated.

Defendant produced no reasonable grounds for believing that Plaintiff was not entitled to overtime compensation for any week in which he worked more than 40 hours.  Defendant's decision to not pay overtime to the Plaintiff was not made in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of the Department of Labor.

During Teaney's employment with Defendant, Defendant was aware of the requirements under the FLSA to pay one and one-half times a non-exempt employee's regular rate of pay for each hour such employee worked in excess of 40 in a workweek.  Defendant knew that Plaintiff worked more than 40 hours in one or more weeks in which he worked for the Defendant.

Defendant did not maintain records of the hours Plaintiff worked in accordance 29 C.F.R. § 516.2.  The payroll records maintained by Defendant accurately recorded the wages paid to Plaintiff.  The payroll records maintained by Defendant accurately recorded the hours worked by Plaintiff.

During Plaintiff's employment with Defendant, he was paid on an hourly basis. Defendant paid Plaintiff at a rate of $12 per hour.  On one or more occasions, Defendant instructed Plaintiff

**Memorandum Opinion and Order – Page 5**

to not record all the hours he worked. Defendant never classified Plaintiff as an employee exempt from overtime during his employment with Defendant.

During each calendar year in which Plaintiff worked for Defendant, one or more of Defendant's employees were engaged in interstate commerce. During each calendar year in which Plaintiff worked for Defendant, one or more of Defendant's employees handled goods or materials that had been moved in interstate commerce by a person. During each calendar year in which Plaintiff worked for Defendant, one or more of Defendant's employees sold goods or materials that had been moved in interstate commerce by a person. During Plaintiff's employment with Defendant, Defendant purchased goods or services from suppliers located outside the State of Texas. During Plaintiff's employment with Defendant, Defendant sold services to customers outside the State of Texas. During Plaintiff's employment with Defendant, Defendant used tools, equipment or supplies originally manufactured outside the State of Texas.

For at least one week for which Plaintiff worked for Honey Do, it did not pay one and one-half of his regular rate of pay for travel time, and such travel time occurred after Plaintiff had already worked 40 hours for that week. Defendant did not pay his workers for the time traveling from worksite to worksite.

During Plaintiff's employment with Defendant, employees, including Plaintiff, were required to report physically to a property owned, managed or leased by Defendant each workday prior to traveling to the worksite assigned to them for that day. During Plaintiff's employment with Defendant, Defendant required its workers to travel from the last jobsite each day to a property owned, managed, or leased by Defendant.

During Plaintiff's employment with Defendant, Defendant purchased tile, flooring materials, and the like from a business named Floor 'N More. Many of the goods Defendant

**Memorandum Opinion and Order – Page 6**

purchased from Floor 'N More were manufactured outside the State of Texas. Many of the goods Defendant purchased from Floor 'N More were imported from outside the United States.

## V.     Discussion

The Act requires employers to "pay overtime compensation to covered employees who work more than forty hours a week." *Cleveland v. City of Elmendorf, Tex.*, 388 F.3d 522, 526 (5th Cir. 2004) (quoting 29 U.S.C. § 207(a)(1)). "The FLSA guarantees overtime pay to employees engaged in the production of goods for commerce ("individual coverage") or employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage")." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (internal quotation marks and emphasis omitted). "Commerce" under the FLSA means interstate commerce. 29 U.S.C. § 203(b) (defining "commerce" to mean "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof"). "Either individual or enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis omitted). To satisfy this requirement, a plaintiff must establish that he was either (1) engaged in the production of goods for commerce ("individual coverage"); or (2) employed in an enterprise engaged in commerce or in the production of goods for commerce ("enterprise coverage"). *Martin*, 955 F.2d at 1032.

The evidence presented by Teaney necessarily establishes that Honey Do is covered by the Act and that Plaintiff does not fall within any exemption under the Act. The volume of business done by Defendant annually exceeded $500,000, exclusive of excise taxes at the retail level that are separately stated, and Honey Do had one or more employees engaged in interstate commerce for each year Teaney worked for it. Further, Plaintiff worked for Defendant more than 40 hours per week in one or more weeks while he was employed by Defendant. The evidence is undisputed,

**Memorandum Opinion and Order – Page 7**

and there is no genuine dispute of material fact regarding Defendant's failure to pay Plaintiff overtime compensation, and he is entitled to judgment as a matter of law on this claim. Liability is thus established against Defendant, and the only issue for trial is the amount of damages to which Plaintiff is entitled.

## VI. Plaintiff's Motion to Strike Defendant's Answer and for Leave to Move for Default Judgment

Plaintiff filed these motions on January 27, 2015. In light of the court's ruling on Plaintiff's Motion for Partial Summary Judgment, these motions are moot and unnecessary, in that they will result in the same relief that Plaintiff's seeks by way of summary judgment. Thus, these two motions will be denied.

## VII. Conclusion

For the reasons herein stated, there is no genuine dispute of material fact as to Plaintiff's claim for unpaid overtime compensation. The court **grants** Plaintiff's Motion for Summary Judgment, and the only issue for trial is the amount of damages to which Plaintiff is entitled. For the reasons previously stated, the court **denies** Plaintiff's Motion to Strike Defendant's Answer and for Leave to Move for Default Judgment.

**It is so ordered** this 29th day of January, 2015.

_____
Sam A. Lindsay
United States District Judge